■ ST. GEORGE TOWER & GRILL OWNERS CORP., Appellant, v JONATHAN HONIG, Respondent. [648 NYS2d 172] —In an action, *inter alia,* to recover attorneys' fees, the plaintiff appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated June 13, 1995, which granted the defendant's motion to dismiss the complaint and denied its cross motion for summary judgment pursuant to CPLR 3211 (c).

Ordered that the order is affirmed, with costs.

The plaintiff is the long-term lessee of the subject building located at 111 Hicks Street, Brooklyn. The defendant is the tenant of an apartment in the building under a proprietary lease. The defendant was granted permission by the plaintiff to sublet his apartment for two successive one-year terms ending June 30, 1993. The defendant's request to continue the sublet for an additional one-year term was denied by the plaintiff. Following the plaintiff's denial of consent to continue the sublet, the defendant commenced two unsuccessful declaratory

judgment actions which, *inter alia,* sought a declaration that he could continue to sublet the apartment. For some time period after June 30, 1993, the defendant permitted his subtenant to remain in possession.

The plaintiff commenced this action to recover attorneys' fees incurred in the defense of the declaratory judgment actions.

Paragraph 28 of the subject proprietary lease provides as follows: "If the Lessee [the defendant] shall at any time be in default hereunder and the Lessor [the plaintiff] shall incur any expense (whether paid or not) in performing acts which the Lessee is required to perform, or in instituting any action or proceeding based on such default, or defending, or asserting a counterclaim in, any action or proceeding brought by the Lessee, the expense thereof to the Lessor, including reasonable attorneys' fees and disbursements, shall be paid by the Lessee to the Lessor, on demand, as additional rent".

Generally, a party must pay its own attorneys' fees unless an award is authorized by agreement between the parties or by statute or by court rule (*see, Matter of A.G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1). We agree with the Supreme Court that the plaintiff is not entitled to an award of attorneys' fees herein.

The clause in the lease providing that the tenant be required to pay attorneys' fees is inapplicable to the facts of this case since the clause applies to actions which are commenced as a result of the tenant's default. The prior actions were commenced by the defendant challenging the refusal of the plaintiff to consent to the continuation of the sublet (*cf., Paroff v Muss,* 171 AD2d 782). O'Brien, J. P., Copertino, Santucci and Luciano, JJ., concur.