■ SUSAN R. MALINER-COLVIN, Respondent, v 85-10 34TH AVENUE APARTMENT CORPORATION, Appellant. [726 NYS2d 861] —In an action, *inter alia*, for a judgment declaring that the plaintiff is a holder of unsold shares in the defendant's cooperative apartment housing corporation, the defendant appeals from an order of the Supreme Court, Queens County (Satterfield, J.), which, upon reargument, granted the plaintiff's motion for summary judgment dismissing its second counterclaim for an award of an attorney's fee.

Ordered that the order is affirmed, with costs.

Generally, a party must pay his or her own attorney's fee unless an award is authorized by an agreement between the parties, or by statute or court rule (*see, Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1). The clause in the lease relied upon by the defendant to support its claim for an award of an attorney's fee is inapplicable to the facts of this case since that clause applies to actions which are commenced as a result of the plaintiff's default (*see, St. George Tower & Grill Owners Corp. v Honig*, 232 AD2d 475; *Mogulescu v 255 W. 98th St. Owners Corp.*, 135 AD2d 32, 40-41). The record does not demonstrate that there was a default by the plaintiff, and in any event, the defendant failed to give the plaintiff 30 days written notice of any alleged default as required by the lease. Thus, the Supreme Court properly granted summary judgment to the plaintiff dismissing the defendant's counterclaim for an attorneys' fee (*see, St. George Tower & Grill Owners Corp. v Honig, supra*). Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.