■ MICHAEL S. HORWITZ et al., Appellants, v 1025 FIFTH AVENUE, INC., Respondent. [825 NYS2d 5]—

Order and judgment (one paper), Supreme Court, New York County (Diane Lebedeff, J.), entered April 14, 2005, which awarded defendant cooperative corporation legal fees and costs in the amount of $68,885.78, unanimously reversed, on the law, with costs, defendant's postpleading application for attorneys' fees denied, and the judgment vacated.

It is settled that the interpretation of the provisions of a lease is governed by the same rules of construction applicable to other agreements (*Matter of Missionary Sisters of Sacred Heart, Ill. v New York State Div. of Hous. & Community Renewal*, 283 AD2d 284, 288 [2001]; *Star Nissan v Frishwasser*, 253 AD2d 491, 492 [1998]), and in those instances where the intent of the parties is clear and unambiguous from the language employed on the face of the agreement, the interpretation of the document is a matter of law solely for the court (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162-163 [1990]; *New York Overnight Partners v Gordon*, 217 AD2d 20, 24 [1995], *affd* 88 NY2d 716 [1996]). Further, New York public policy disfavors any award of attorneys' fees to the prevailing party in a litigation (*Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5 [1986] ["the rule is based upon the high priority accorded free access to the courts and a desire to avoid placing barriers in the way of those desiring judicial redress of wrongs"]; *see also Gottlieb v Such*, 293 AD2d 267, 268 [2002], *lv denied* 98 NY2d 606 [2002]), and a provision in an agreement allowing the recovery of attorneys' fees that are "incidents of litigation" should be strictly construed (*id.* at 268 [internal quotation marks and citation omitted]; *see also Murphy v Vivian Realty Co.*, 199 AD2d 192 [1993]).

The lease agreement herein provides, in pertinent part, that "if the lessee shall at any time be in default hereinunder, or if the lessor shall institute an action . . . against the lessee based upon such default, the lessee will reimburse the lessor for the expense of attorneys' fees . . . ."

Plaintiffs, however, have never been found in default of the lease by either this Court or Supreme Court. Indeed, Supreme Court's June 19, 2003 decision and order specifically found that plaintiffs were not in default of the lease, and that the cooperative board, as of the time of that order, had not formally acted to find plaintiffs in default. This Court's subsequent decision and order dated May 27, 2004 (*see Horwitz v 1025 Fifth Ave., Inc.*, 7 AD3d 461, 461 [2004]), left unaffected that part of the order of Supreme Court which found that the notices to cure

and terminate were facially defective, and issued a declaration "in favor of defendant that it is entitled to enforce its house rules with respect to the removal of awnings." Such declaration, however, contrary to Supreme Court's finding, does not equate to a judicial finding of default. Concur—Saxe, J.P., Nardelli, Williams, Catterson and Malone, JJ.