■ JOANNE GRAY, Appellant, v HILLTOP VILLAGE COOPERATIVE # THREE, INC., Respondent. [855 NYS2d 631]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from a clerk's judgment of the Supreme Court, Queens County, entered September 29, 2006, which, upon a decision of the same court (Leviss, J.H.O.), dated July 5, 2006, is in favor of the defendant and against her, in effect, on the defendant's counterclaim for an award of an attorney's fee, in the principal sum of $9,051.

Ordered that the clerk's judgment is reversed, on the law, with costs, and the defendant's counterclaim for an award of an attorney's fee is dismissed.

The plaintiff commenced this action, inter alia, to recover damages for breach of fiduciary duty against the defendant, a cooperative corporation, following its cancellation of a closing on the sale, to a third party, of shares of stock referable to an apartment unit that were owned by the plaintiff's decedent. The defendant asserted a counterclaim for an attorney's fee. The defendant canceled the closing when the plaintiff took issue with its demand that the estate pay it certain maintenance arrears and an attorney's fee for having commenced a summary nonpayment proceeding against the decedent, despite the plaintiff's offer to place the disputed funds in escrow pending resolution of the dispute in court. During the pendency of this action, the plaintiff closed on the sale of the apartment and executed a release in favor of the defendant. The Supreme Court stated, in a decision, that "the release [the plaintiff] gave to [the defendant] at the closing extinguished the claims she made in this action." A Judicial Hearing Officer thereafter determined that the defendant, which had asserted a counterclaim for an attorney's fee, was entitled to an attorney's fee pursuant to the parties' occupancy agreement. We disagree.

Article 15 of the occupancy agreement provides, in relevant part, that "[i]f a Member defaults in making a payment of Carrying Charges or in the performance or observance of any provision of this Agreement, and the Corporation has obtained the services of any attorney with respect to the defaults involved, the Member covenants and agrees to pay the Corporation any costs and/or expenses involved, including reasonable attorneys' fees, notwithstanding the fact that a suit has not as yet been

instituted. In case a suit is instituted, the Member shall also pay the costs of the suit, in addition to other aforesaid costs and/or expenses." Generally, a party must pay his or her own attorney's fee unless an award is authorized by an agreement between the parties, or by statute or court rule (*see Matter of A.G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1 [1986]). The clause in the occupancy agreement relied upon by the defendant to support its claim for an award of an attorney's fee is inapplicable to the facts of this case since that clause applies to actions which are commenced as a result of the plaintiff's default (*see Maliner-Colvin v 85-10 34th Ave. Apt. Corp.,* 284 AD2d 434 [2001]; *St. George Tower & Grill Owners Corp. v Honig,* 232 AD2d 475 [1996]). The plaintiff has never been found to be in default of the occupancy agreement (*see Horwitz v 1025 Fifth Ave., Inc.,* 34 AD3d 248 [2006]; *Mogulescu v 255 W. 98th St. Owners Corp.,* 135 AD2d 32, 40-41 [1988]). Thus, article 15 of the occupancy agreement did not require the plaintiff to pay the defendant's attorney's fees or other costs incurred in defending this action (*see Horwitz v 1025 Fifth Ave., Inc.,* 34 AD3d 248 [2006]; *Dupuis v 424 E. 77th Owners Corp.,* 32 AD3d 720 [2006]; *Maliner-Colvin v 85-10 34th Ave. Apt. Corp.,* 284 AD2d 434 [2001]; *St. George Tower & Grill Owners Corp. v Honig,* 232 AD2d 475 [1996]), and the defendant's counterclaim for an award of an attorney's fee should have been dismissed. Mastro, J.P., Covello, Dickerson and Eng, JJ., concur.