[938 NE2d 937, 912 NYS2d 504]

JON FLEMMING, Individually and as the Administrator of the Estate of ELIZABETH LAGAI, Deceased, on Behalf of Himself and All Others Similarly Situated, Respondent, v BARNWELL NURSING HOME AND HEALTH FACILITIES, INC., Defendant. CAROLINE AHLFORS MOURIS, Appellant; PAUL MACARI, Respondent.

Argued September 13, 2010; decided October 21, 2010

376

## POINTS OF COUNSEL

*Michael S. Gruen,* New York City, for appellant. I. Fees are awardable to objectant's counsel for services resulting in actual benefit to the class. (*Frankenstein v McCrory Corp.,* 425 F Supp 762; *In re Horizon/CMS Healthcare Corp. Sec. Litig.,* 3 F Supp 2d 1208; *Matter of Attorney-General v Northern Am. Life Ins. Co.,* 91 NY 57; *Klein v Robert's Am. Gourmet Food, Inc.,* 28 AD3d 63; *White v Auerbach,* 500 F2d 822; *Winkelman v General Motors Corp.,* 44 F Supp 960, 48 F Supp 504, *affd sub nom. Singer v General Motors Corp.,* 136 F2d 905; *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 962 F Supp 450, 148 F3d 283, *cert denied sub nom. Krell v Prudential Ins. Co. of Am.,* 525 US 1114; *Bowling v Pfizer, Inc.,* 927 F Supp 1036, 103 F3d 128, *cert denied sub nom. Ridgeway v Pfizer, Inc.,* 522 US 906; *Duhaime v John Hancock Mut. Life Ins. Co.,* 2 F Supp 2d 175; *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F3d 768.) II. The same guidelines that govern fees to class counsel should govern fees to counsel for objectant. (*Wininger v SI Mgt. L.P.,* 301 F3d 1115; *Frankenstein v McCrory Corp.,* 425 F Supp 762; *Gottlieb v Barry,* 43 F3d 474; *In re Horizon/CMS Healthcare Corp. Sec. Litig.,* 3 F Supp 2d 1208; *Hensley v Eckerhart,* 461 US 424; *Matter of Rahmey v Blum,* 95 AD2d 294; *Washington Fed. Sav. & Loan Assn. v Village Mall Townhouses,* 90 Misc 2d 227; *Sternberg v Citicorp Credit Servs.,* 110 Misc 2d 804; *Duhaime v John Hancock Mut. Life Ins. Co.,* 2 F Supp 2d 175; *Roberts v Texaco, Inc.,* 979 F Supp 185.)

*DeGraff, Foy & Kunz, LLP,* Albany (*George J. Szary, David F. Kunz* and *Aaron F. Carbone* of counsel), for respondent. I. The clear and unambiguous language of CPLR article 9 does not provide for fees to an objectant's counsel. (*Matter of Raritan Dev. Corp. v Silva,* 91 NY2d 98; *Alyeska Pipeline Service Co. v Wilderness Society,* 421 US 240; *#1 Funding Ctr., Inc. v H & G Operating Corp.,* 48 AD3d 908; *Moore v Metropolitan Life Ins. Co.,* 75 Misc 2d 168, 41 AD2d 601, 33 NY2d 304; *People v Finnegan,* 85 NY2d 53; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York,* 41 NY2d 205; *Eaton v New York City Conciliation & Appeals Bd.,* 56 NY2d 340; *Matter of Attorney-General v Northern Am. Life Ins. Co.,* 91 NY 57; *Gerzof v Sweeney,* 22 NY2d 297; *Matter of Loomis,* 273 NY 76.) II. An objectant's counsel is entitled only to an award of fees where counsel's actions conferred an actual benefit on the class. (*White v Auerbach,* 500 F2d 822.)

PIGOTT, J.

On this appeal, we are asked to consider whether New York law permits an award of counsel fees and expenses to an objectant in a class action. We hold that it does not.

This class action lawsuit was brought on behalf of 242 individuals, who were residents at defendant Barnwell Nursing Home and Health Facilities, Inc. at any time from January 1, 1999 through January 31, 2000. The class claim, brought pursuant to Public Health Law § 2801-d, alleged that the nursing home failed to comply with state-imposed standards of patient care.

After nearly six years of litigation, the parties reached a compromise and a motion for approval pursuant to CPLR 908 was made to Supreme Court. Caroline Ahlfors Mouris, on behalf of her mother's estate, filed objections to the proposed award of fees to class counsel, the compensation established for the settlement administrator, and the incentive award to the class representative. She did not object to the overall settlement amount. Mouris also cross-moved for an award of counsel fees she incurred in preparing and presenting her objections.

Supreme Court approved the proposed settlement, and directed that certain monies be awarded to class counsel for fees and expenses, to the originator of the claim as an incentive award, and to the administrator for past and future services— the remainder to be distributed among the class members in accordance with the approved distribution formula. The court denied Mouris's objections, as well as her cross motion for counsel fees, noting that her objections had neither assisted the court nor benefitted the class.

The Appellate Division modified by reducing or eliminating each category of Supreme Court's award (56 AD3d 162 [2008]). As relevant to this appeal, the court held that Mouris was not entitled to an award of counsel fees because CPLR 909 "does not provide for the payment of counsel fees to any . . . party or individual" other than class counsel (id. at 168). The court remitted the matter to Supreme Court to determine the administrator's fees and expenses. Thereafter, Supreme Court issued a judgment determining such fees and expenses.

This Court granted Mouris leave to appeal from the judgment of Supreme Court to bring up for review the prior nonfinal Appellate Division order. We now affirm.

Under the general rule in New York, attorneys' fees are deemed incidental to litigation and may not be recovered unless supported by statute, court rule or written agreement of the parties (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]). An attorney is not entitled to legal fees from persons other than his or her client merely because such other persons were benefitted by his or her services (*Matter of Loomis*, 273 NY 76 [1937]). There are certain exceptions to the general rule, including an award of counsel fees for class actions brought on behalf of all members of a class.

Such an award is embodied in CPLR 909, which provides:

> "If a judgment in an action maintained as a class action is rendered in favor of the class, the court in its discretion may award attorneys' fees to the *representatives of the class* based on the reasonable value of legal services rendered and if justice requires, allow recovery of the amount awarded from the opponent of the class" (emphasis added).

Enacted in 1975, this provision was part of a comprehensive reform of the laws relating to class actions in New York:

> "The bill codifies *the usual rule* that the *attorneys for a class* that has been successful (through judgment or settlement) are awarded a reasonable attorney's fee; historically, the prospect of obtaining substantial counsel fees has been an important factor in encouraging the private bar to undertake the class action representation of persons with moderate or modest resources" (Mem to Counsel to Governor from State Consumer Protection Bd, Bill Jacket, L 1975, ch 207 [emphasis added]).

The statute codifies the common-law rule that attorneys' fees may be paid out of a fund created for the benefit of the class by the litigation. It further empowers the court to order the fees to be paid by the class opponent "if justice requires."

The language of CPLR 909 permits attorney fee awards only to "the representatives of the class," and does not authorize an award of counsel fees to any party, individual or counsel, other than class counsel. Had the Legislature intended any party to recover attorney fees it could have expressly said so, as it has in other contexts (*see e.g.* SCPA 2302 [6] ["In a proceeding to construe a will or after appeal in such a proceeding, pursuant to the direction of the appellate court the court may award to a fi-

duciary *or any party* to the proceeding such sum as it deems reasonable for his, her or its counsel fees and other expenses necessarily incurred in the proceeding or on the appeal" (emphasis added)]). Although federal courts have awarded counsel fees to objectors in certain situations under Federal Rules of Civil Procedure rule 23 (h), New York's statute is only in part modeled on that federal provision (*Matter of Colt Indus. Shareholder Litig.*, 77 NY2d 185, 194 [1991] [noting that CPLR 901-909 have "much in common" with Federal rule 23]).

Mouris argues, and the dissent agrees, that a basis for an award of fees may be recognized under the "common fund" doctrine. However, no modern New York court has applied such rule to authorize an objector's counsel fee award in a class action lawsuit. The dissent cogently argues that section 909, being in derogation of our common law, should not be read so broadly as to totally eliminate the "common fund" doctrine. However, the Legislature having comprehensively revised CPLR article 9, it is not for this Court to assume a provision it could have easily provided and recognize a doctrine that has not been invoked in the last century. Simply put, although a class may at times benefit from an objectant's actions, the Legislature did not provide recompense for those efforts.

Accordingly, the judgment of Supreme Court appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.

Smith, J. (dissenting). A class action lawyer who recovers money for the class is, of course, entitled to apply to the court for a fee to be paid out of the class's recovery. But the majority today holds that a class member's lawyer who opposes the fee application, even if he does so successfully, must work for free or be paid entirely from the resources of the person who hired him. This result is bad policy; it is contrary to New York's common law; and it is not required by any statute. I therefore dissent.

Whatever the faults and virtues of the class action device, no one disputes the need to control class counsel's fees—and nothing furnishes so effective a check on those fees as an objecting lawyer. Even in the many cases where no objection to the fee application is ever filed, the possibility of an objection is one of the few restraints on class counsel's ambitions. And usually, class counsel can be sure that no one will object to a fee application if a class member does not. The party opposing the class

has no incentive to object to a payment that will come out of pockets other than its own; indeed, in the vast majority of class actions that are settled, the party that has settled with the class will be anxious to see the settlement approved without a hitch.

It is true that courts have the duty to scrutinize class counsel's fee applications, whether objected to or not, but it is hard for them to do so effectively without the help of a lawyer who has an incentive to point out the application's flaws. Objectors, of course, cannot replace the court or diminish its role. It is the court that must authorize both class counsel's fee and a successful objector's; it must do so only where the lawyers have conferred an actual benefit on the class, and then only in proportion to the benefit. But courts that hear an advocate for only one side of the issue are handicapped in making their judgments. Class counsel who submit unopposed fee applications, like most lawyers without adversaries, often get what they ask for.

Today's decision greatly lessens the likelihood that fee applications submitted by class counsel will ever be opposed. Opposition will be filed only where a lawyer or client is willing to act from philanthropic motives, or in the few cases where a member of the class has a large enough interest in the size of the fee to justify bearing the expense of objecting to it. The problem of excessive fees in these cases is well known (*see e.g.* Coffee, *Class Wars: The Dilemma of the Mass Tort Class Action,* 95 Colum L Rev 1343, 1348 [1995]; Hensler, *The Globalization of Class Actions: An Overview,* 622 Annals of Am Acad of Pol & Soc Sci [No. 1] 7, 19 [2009]). Today's decision makes it more difficult to cure that problem.

Not only are there excellent reasons to permit fee awards to lawyers who have successfully objected to class counsel's fees; such awards are supported by the same common-law principles on which class counsel's applications are based. The common fund rule, going back at least to *Trustees v Greenough* (105 US 527, 536 [1882]), permits "those who have instituted proceedings for the benefit of a general fund" to receive "proper allowances," including attorneys' fees, out of the fund. We adopted this rule in *Woodruff v New York, Lake Erie & W. R.R. Co.* (129 NY 27, 30-31 [1891]), saying "that one who successfully conducts a litigation . . . for the benefit of a fund, shall be protected in the distribution of such fund for the expenses necessarily incurred by him in the performance of his duty."

It has long been commonly understood that fees may be awarded both to a class counsel who benefits a class by winning

or settling a lawsuit and to an objector's counsel who benefits the class by reducing the amount of class counsel's fee. That is a simple corollary of the common fund rule. In each case, those who benefit from the lawyer's efforts should bear the cost. While there seems to be no New York case directly in point, federal cases decided before the adoption of rule 23 (h) of the Federal Rules of Civil Procedure in 2003 assumed that counsel fees could be awarded to objectors to class action settlements under common fund principles (*Frankenstein v McCrory Corp.*, 425 F Supp 762, 767 [SD NY 1977] ["where the objections filed produced a beneficial effect upon the progress of the litigation, an award of fees is appropriate"]; *In re Anchor Sec. Litig.*, 1991 WL 53651, *1, 1991 US Dist LEXIS 4573, *2 [ED NY 1991] ["attorney's fees are available to counsel for objectors who make the proper showing"]).

The majority holds, in effect, that New York's class action statute, adopted in 1975, changed the common law by limiting the scope of the common fund doctrine. The relevant statute is CPLR 909, which says:

> "If a judgment in an action maintained as a class action is rendered in favor of the class, the court in its discretion may award attorneys' fees to the representatives of the class based on the reasonable value of legal services rendered and if justice requires, allow recovery of the amount awarded from the opponent of the class."

The majority reads "representatives of the class" to mean the named plaintiffs in a class action, an interpretation I assume is correct. It also reads the statute to forbid the awarding of attorneys' fees to all those who are not "representatives of the class," an interpretation I think is incorrect.

The majority's interpretation would be defensible if the Legislature had enacted a systematic codification of the common fund doctrine as it related to class actions, and left objectors' fees out of that codification. But I see no evidence that the Legislature did anything of the kind. CPLR 909 consists of one sentence. The first half of it does reflect the common fund doctrine in saying that "the court . . . may award attorneys' fees to the representatives of the class"—no doubt meaning, though it does not say, that it may award them out of the class's recovery; the thrust of the statute, however, is to extend the court's power beyond what the common fund doctrine would

permit, authorizing "recovery of the amount awarded from the opponent of the class." I think the authors of the statute would have been surprised at the suggestion that, by briefly restating one conspicuous aspect of the common fund doctrine, they were abolishing the rest of it in the class action context. I see nothing in the background of the statute or its legislative history to suggest an intention to make any such change in the law. And I can think of no reason why the Legislature would have wanted to make that change.

Thus, the majority opinion gives to CPLR 909 the unintended consequence of partially repealing the common fund doctrine and discourages class members from monitoring the inflation of attorneys' fees. I would not follow that course. I would reverse the Appellate Division's order and direct Supreme Court to consider the objector's fee application.

Judges CIPARICK, GRAFFEO, READ and JONES concur with Judge PIGOTT; Judge SMITH dissents in a separate opinion in which Chief Judge LIPPMAN concurs.

Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs.