■ NORMAN PICKETT et al., Respondents, v ROMLES GIBBS et al., Appellants. [914 NYS2d 640]—

In an action to foreclose a mortgage, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Balter, J.), dated March 9, 2009, as, upon an order of the same court dated July 16, 2007, inter alia, granting that branch of the plaintiffs' motion which was to confirm, and denying that branch of their cross motion which was to reject, so much of a report of a judicial hearing officer dated December 23, 2005, made after a hearing, as recommended that the plaintiffs be awarded an attorney's fee in the sum of $364,414.58, is in favor of the plaintiffs and against them awarding the plaintiffs an attorney's fee in the sum of $364,414.58.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' motion which was to confirm so much of the report of the judicial hearing officer as recommended that the plaintiffs be awarded an attorney's fee in the sum of $364,414.58 is denied, that branch of the defendants' cross motion which was to reject so much of the report as recommended that the plaintiffs be awarded an attorney's fee in that sum is granted, the order is modified accordingly, and the matter is remitted to the Supreme

Court, Kings County, for a new determination in accordance herewith, and the entry of an appropriate amended judgment thereafter.

This appeal involves the award to the plaintiffs of an attorney's fee in the sum of $364,414.58. There is no dispute that the plaintiffs' attorneys are entitled to an award of a reasonable attorney's fee for their work in the underlying mortgage foreclosure dispute. The sole issue before this Court is whether all of the hours claimed to have been expended by the plaintiffs' attorneys were related to the foreclosure action. We find that they were not. "Legal fee clauses must be strictly construed" (*Duane Reade v Highpoint Assoc. IX, LLC*, 36 AD3d 496, 497 [2007]). In this case, according to the terms of the mortgage, the plaintiffs were entitled to reimbursement for attorneys' fees and expenses incurred "in connection" with the foreclosure action. As conceded by the plaintiffs, according to the terms of the mortgage, the plaintiffs' attorneys are entitled to an award of an attorney's fee only for the preparation, prosecution, and conclusion of the foreclosure action. However, despite this acknowledgment, the plaintiffs' attorneys improperly included, in their billing records, items which were unrelated to the foreclosure action. Thus, the matter must be remitted to the Supreme Court, Kings County, for a determination of the proper number of hours actually expended by the plaintiffs' attorneys in connection with the foreclosure action and the expenses incurred solely with respect to the foreclosure action, and for a recalculation of the appropriate attorney's fee and expenses to be awarded to the plaintiffs' attorneys.

Furthermore, upon recalculation of the attorney's fee and expenses owed to the plaintiffs' attorneys, the Supreme Court shall not award prejudgment interest on the award of the attorney's fee and expenses (*see* CPLR 5001; *Solow Mgt. Corp. v Tanger*, 19 AD3d 225 [2005]). Dillon, J.P., Florio, Roman and Sgroi, JJ., concur.