■ CHRISILA L. ROBERTS, as Executrix of KATHLEEN HUGHES, Deceased, Respondent, v JEANETH HUGHES et al., Defendants, and IMPAC FUNDING CORPORATION, Appellant. EMC MORTGAGE CORPORATION, Intervenor-Appellant. [918 NYS2d 71]—

The motion court correctly granted plaintiff summary judgment voiding the deed and the mortgage. Plaintiff demonstrated, prima facie, its entitlement to judgment as a matter of law by showing that defendant Jeaneth Hughes, decedent's daughter, lacked any legal basis to convey to herself the subject premises or to use it as security for the mortgage, since it was lawfully under the control of the estate. The record shows that the several defects in the putative chain of title and on the face of the putative deed, among others, would have been readily ascertainable had Impac, as mortgagee, or EMC, as assignee of Impac, exercised any reasonable diligence in this regard. In response, defendants-appellants failed to raise any triable issue of material fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Since the complaint and plaintiff's motion specifically sought to void the mortgage in addition to voiding the deeds, and the December 9, 2008 decision granted plaintiff's motion in its entirety, the fact that it did not specify, in its text, that the mortgage was also thereby voided, did not make that decision inconsistent with the subsequent August 11, 2009 settled order which did specify that the mortgage was voided.

However, there was no basis for the court, at this stage of the proceedings, to enter any monetary award against the present appellants. Furthermore, the court erred in awarding attorneys' fees to plaintiff against appellants inasmuch there was no apparent statutory or other legal authorization for it (see Flemming v Barnwell Nursing Home & Health Facilities, Inc., 15 NY3d 375 [2010]).

Finally, Impac was the record holder of the mortgage during the relevant time periods, and its status as mortgagee of property that properly should have been held by plaintiff estate, remains the subject of this litigation, so that we find no basis to dismiss either Impac or EMC from the action at this juncture. Concur—Gonzalez, P.J., Saxe, Catterson, Acosta and Manzanet-Daniels, JJ.