■ J. Leonard Spodek, Also Known as Leonard Spodek, et al., Respondents, v Charles Neiss, Individually and as Executor of Bencion Neiss, Deceased, et al., Appellants, et al., Defendants. [926 NYS2d 904]—

"Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *see Flemming v Barnwell Nursing Home & Health Facilities, Inc.*, 15 NY3d 375, 379 [2010]; *U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 597 [2004]). Indeed, "New York public policy disfavors any award of attorneys' fees [and experts' fees] to the prevailing party in a litigation" (*Horwitz v 1025 Fifth Ave., Inc.*, 34 AD3d 248, 249 [2006]). Thus, a contractual provision assuming an obligation to indemnify a party for attorneys' and experts' fees "must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*Hooper Assoc. v AGS Computers*, 74 NY2d at 491; *see Adesso Café Bar & Grill, Inc. v Burton*, 74 AD3d 1253, 1254 [2010]).

Here, while we disagree with the Referee's determination that paragraph 4 of the so-ordered stipulation of the parties dated January 9, 2009, bearing the title "Expert and Legal Fees," is ambiguous, we nevertheless affirm because that paragraph, when viewed in the context of "the language and purpose of the entire agreement and the surrounding facts and circumstances" (*Hooper Assoc. v AGS Computers*, 74 NY2d at

492), constitutes an unequivocal and enforceable agreement by the defendants to indemnify the plaintiffs for their reasonable attorneys' fees and experts' fees incurred in connection with their litigation of an underlying contempt motion (*see Centennial Contrs. Enters. v East N.Y. Renovation Corp.*, 79 AD3d 690, 693 [2010]; *RAD Ventures Corp. v Artukmac*, 31 AD3d 412, 414 [2006]). Indeed, the intention to pay such fees "is unmistakably clear from the language of the [agreement]" (*Hooper Assoc. v AGS Computers*, 74 NY2d at 492), and it would be difficult, if not impossible, to ascertain any other rational purpose for the provision given the agreement as a whole (*see Breed, Abbott & Morgan v Hulko*, 74 NY2d 686, 687 [1989]).

The defendants' remaining contentions are without merit or need not be considered in light of the foregoing. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.