■ CARLTON MACKAY, Appellant, v EDWARD C. YOON et al., Respondents. [938 NYS2d 312]—

By amended order, dated March 16, 2010, after plaintiff settled this personal injury action for $2,250,000, Supreme Court approved plaintiff's application to establish a qualified settlement fund, into which the settlement proceeds were to be deposited, and appointed an administrator as well as legal counsel. In or about April 2010, following resolution of the Medicare and Medicaid liens, plaintiff and his counsel submitted a proposed order providing for distribution of the settlement proceeds, previously approved by the fund's administrator and counsel. At an April 28, 2010 conference before the court, plaintiff confirmed his understanding and approval of the requested disbursements.

The motion court abused its discretion in granting a $22,500 award to the settlement fund's administrator because the amount is arbitrary and not supported by the record. No evidence was submitted to permit a valuation of the administrator's services, such as an hourly rate and time expended or bill for services rendered or those expected to be rendered (see *Flemming v Barnwell Nursing Home & Health Facilities, Inc.*, 56 AD3d 162, 167 [2008], *affd* 15 NY3d 375 [2010]). The award to the fund's counsel should be reduced as indicated to reflect her actual charges as demonstrated in the record and as consented to by Ms. Meyers.

The disbursements made by plaintiff's counsel were agreed to

by plaintiff and were provided for in the retainer agreement pursuant to which plaintiff permitted counsel to incur and deduct from the gross recovery expenses for "services chargeable to the claim or prosecution of the action," with liens chargeable to plaintiff. Thus, the disbursements made by counsel on plaintiff's behalf in connection with this litigation, including the amount paid to Plaintiff's Solutions, a company retained by counsel to aid in the resolution of the outstanding liens resulting from plaintiff's extensive medical care, were properly incurred and payable from the settlement fund pursuant to the retainer agreement. Notably, plaintiff never objected to the disbursements, and to the contrary, submitted an affidavit in which he asserted that he understood and accepted the payments set forth in the proposed order.

To the extent the motion court erred in setting the monthly annuity payment, we correct the amount to reflect the agreed upon payment of $6,680.90. Concur—Friedman, J.P., Sweeny, Renwick, DeGrasse and Román, JJ.