In an action to foreclose a mortgage, the plaintiffs appeal from an amended judgment of the Supreme Court, Rings County (Silber, J.), entered April 10, 2012, which, upon remittitur from this Court by decision and order dated January 11, 2011 (see *741 Pickett v Gibbs, 80 AD3d 592 [2011]), awarded them attorneys’ fees in the sum of only $17,839.71.
Ordered that the amended judgment is affirmed, with costs.
“Under the general rule, attorney’s fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule” (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]; see Flemming v Barnwell Nursing Home & Health Facilities, Inc., 15 NY3d 375, 379 [2010]; Baker v Health Mgt. Sys., 98 NY2d 80, 88 [2002]; 214 Wall St. Assoc., LLC v Medical Arts-Huntington Realty, 99 AD3d 988, 990 [2012]; Spodek v Neiss, 86 AD3d 561, 561 [2011]). “New York public policy disfavors any award of attorneys’ fees to the prevailing party in a litigation” (Horwitz v 1025 Fifth Ave., Inc., 34 AD3d 248, 249 [2006]). Therefore, “a contractual provision assuming an obligation to indemnify a party for attorneys’ . . . fees ‘must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed’ ” (Spodek v Neiss, 86 AD3d at 561, quoting Hooper Assoc. v AGS Computers, 74 NY2d at 491; see 214 Wall St. Assoc., LLC v Medical Arts-Huntington Realty, 99 AD3d at 990; Horwitz v 1025 Fifth Ave., Inc., 34 AD3d at 249; see also Baker v Health Mgt. Sys., 98 NY2d at 88).
Here, paragraph 3 of the rider to the subject mortgage provided that the mortgagee would be entitled to recover attorneys’ fees in the event of a default and the commencement of an action to foreclose the mortgage. The rider provided that such attorneys’ fees would be “the greater of 2% of the outstanding principal balance on said Mortgage ... or $2,500. In their complaint, the plaintiffs sought to recover the balance of the mortgage, which they alleged to be $714,513.55. Thus, pursuant to the terms of the mortgage, the Supreme Court properly awarded attorneys’ fees in the sum of $17,839.71 ($14,290.26 in attorneys’ fees plus expenses and interest), which represented 2% of the outstanding principal balance of the mortgage as alleged by the plaintiffs in the complaint (see Preferred Group of Manhattan, Inc. v Fabius Maximus, Inc., 51 AD3d 889, 890 [2008]).
The plaintiffs’ remaining contentions are without merit. Mastro, J.R, Austin, Sgroi and Miller, JJ., concur.