OPINION OF THE COURT
Memorandum.
Ordered that the order is modified by increasing the award in favor of landlord to the principal sum of $23,700; as so modified, the order is affirmed, without costs.
In this holdover summary proceeding, landlord appeals, on the ground of inadequacy, from an order awarding it $17,500 in attorney’s fees and costs. Landlord had sought to recover the sum of $56,716.67 in attorney’s fees and costs, which sum included fees and costs it had incurred in a Supreme Court action commenced by undertenant Gregory Himmelberger in relation to the proprietary lease which underlay the holdover proceeding.
We initially find that the Civil Court properly determined that the attorney’s fees landlord had incurred in the Supreme *3 Court action are not recoverable against tenants. Landlord’s Civil Court litigation with tenants and undertenants was based on tenants’ default under a residential cooperative proprietary-lease and was limited to terminating the lease and recovering possession. The Supreme Court action was commenced by undertenant Himmelberger against landlord and tenants to secure his purported interest in the lease, and resulted in, among other things, a stay of the holdover proceeding. The stay was eventually lifted, which permitted the holdover proceeding to continue and, after a trial, a final judgment of possession was awarded to landlord.
“New York public policy disfavors any award of attorneys’ fees to the prevailing party in a litigation, and a provision in an agreement allowing the recovery of attorneys’ fees that are incidents of litigation should be strictly construed” (Horwitz v 1025 Fifth Ave., Inc., 34 AD3d 248, 249 [2006] [internal quotation marks and citations omitted]). In the case at bar, paragraph 28 of the proprietary lease limits landlord’s right to recover attorney’s fees to “instituting any action or proceeding based on [tenants’] default, or defending or asserting a counterclaim in any action or proceeding brought by [tenants].” The Supreme Court action did not arise from tenants’ default or from their assertion of an action or proceeding against landlord, or out of landlord’s need to defend or to counterclaim against an action or proceeding brought by tenants (see Dupuis v 424 E. 77th Owners Corp., 32 AD3d 720, 722 [2006]; St. George Tower & Grill Owners Corp. v Honig, 232 AD2d 475, 476 [1996]). Thus, the Civil Court properly excluded the fees sought in relation to the Supreme Court action as well as certain other charges which also could not be deemed recoverable fees under the terms of paragraph 28. However, upon a review of the record and in light of the parties’ concessions on the appeal, we find it appropriate to increase the Civil Court’s award to landlord of the sum of $17,500 by the sum of $6,200.
Accordingly, the order is modified by increasing the award in favor of landlord to the principal sum of $23,700.
Pesce, P.J., Weston and Aliotta, JJ., concur.