Nechama Sokolow, Appellant-Respondent,
against
Yael Neumann-Werth, Respondent-Appellant, and Ari Werth, Respondent.




Leon I. Behar, P.C. (Leon Behar of counsel), for appellant-respondent.
Curtis, Mallet-Prevost, Colt & Mosle, LLP (Benjamin C. Woodruff of counsel), for respondent-appellant (no brief filed).

Appeal by landlord, on the ground of inadequacy, from a decision of the Civil Court of the City of New York, Kings County (Hannah Cohen, J.), dated August 8, 2016, and from a judgment of that court entered August 12, 2016. Cross appeal by tenant Yael Neumann-Werth from so much of the decision and judgment as were against her. The judgment, entered pursuant to the decision, after a hearing, awarded landlord attorney's fees in the sum of $9,284.68 in a holdover summary proceeding.




ORDERED that so much of the appeal and so much of the cross appeal as were taken from the decision are dismissed, as no appeal lies from a decision (see CCA 1702); and it is further,
ORDERED that the judgment is reversed, without costs, and landlord's claim for attorney's fees is dismissed.
In this holdover proceeding, landlord alleges that, upon the expiration of tenants' lease, the tenancy became month to month and that landlord terminated the tenancy. On the date of the trial, tenants conceded that they had surrendered possession of the premises to landlord, that landlord was the prevailing party, and that a final judgment of possession should be entered in landlord's favor. The Civil Court then conducted a hearing to determine the amount of attorney's fees to be awarded to landlord. After the hearing, a judgment was entered on August 12, 2016, [*2]awarding landlord the sum of $9,284.68 in attorney's fees. Landlord appeals, on the ground of inadequacy, and tenant Yael Neumann-Werth cross-appeals from so much of the judgment as was against her.
Where a lease does not deem attorney's fees to be additional rent, a court entertaining a summary proceeding lacks subject matter jurisdiction to entertain a landlord's claim for attorney's fees (see RPAPL 741 [5]; Jacoby v Cabrera,60 Misc 3d 136[A], 2018 NY Slip Op 51079[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; Green v Weslowski, 53 Misc 3d 144[A], 2016 NY Slip Op 51568[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; Inland Diversified Real Estate Serv., LLC v Keiko NY, Inc., 51 Misc 3d 139[A], 2016 NY Slip Op 50613[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; Saunders St. Owners, Ltd. v Broudo, 32 Misc 3d 135[A], 2011 NY Slip Op 51459[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Henry v Simon, 24 Misc 3d 132[A], 2009 NY Slip Op 51369[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; see also 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d 528, 534 [2014]; Matter of Bedford Gardens Co. v Silberstein, 269 AD2d 445 [2000]). 
Landlord bases her claim for attorney's fees on paragraph 23 of the lease, which provides, in relevant part, as follows:
"23. Tenant's default. A. Landlord must give Tenant written notice of default stating the type of default. The following are defaults and must be cured by Tenant within the time stated:
(1) Failure to pay rent or added rent on time. 3 days.
(2) Failure to move into the Apartment within 15 days after the beginning date of the Term. 10 days.
(3) Issuance of a court order under which the apartment may be taken by another party. 10 days.
(4) Improper conduct by Tenant annoying other tenants. 10 days.
(5) Failure to comply with any other term or Rule in the Lease. 10 days.
If Tenant fails to cure the default in the time stated, Landlord may cancel the Lease by giving Tenant a cancellation notice. The cancellation notice will state the date the Term will end which may be no less than 10 days after the date of the notice. On the cancellation date in the notice the Term of this Lease shall end. Tenant must leave the Apartment and give Landlord the keys on or before the cancellation date. Tenant continues to be responsible as stated in this Lease. . . .
. . .
C. If (1) the Lease is cancelled: or (2) rent or added rent is not paid on time: or (3) Tenant vacates the Apartment. Landlord may in addition to other remedies, take any of the [*3]following steps: (a) use dispossess, eviction or other lawsuit method to take back the Apartment, and (b) to the extent permitted by law, enter the Apartment and remove Tenant and any person or property.
D. If this Lease is cancelled, or Landlord takes back the Apartment, the following takes place:
(1) Rent and added rent for the unexpired Term becomes due and payable.
(2) Landlord may relet the Apartment and anything in it. The reletting may be for any term. Landlord may charge any rent or no rent and give allowances to the new tenant. Landlord may at Tenant's expense, do any work Landlord reasonably feels needed to put the Apartment in good repair and prepare it for renting. Tenant stays liable and is not released except as provided by law.
(3) Any rent received by Landlord for the re-renting shall be used first to pay Landlord's expenses and second to pay any amounts Tenant owes under this Lease. Landlord's expenses include the cost of getting possession and re-renting the Apartment, including, but not only reasonable legal fees, broker's fees, cleaning and repairing costs, decorating costs and advertising costs" (emphasis added).
Paragraph three of the lease defines "added rent" as "other charges to Landlord under the terms of this Lease" which the tenant "may be required to pay."
The provisions in the lease, as set forth in paragraph 23, limit landlord's right to recover attorney's fees to instances where the tenant's default leads to landlord's cancelling the lease, taking back the apartment, and deducting landlord's expenses, which include reasonable legal fees, from the rent received from the new tenant. "New York public policy disfavors any award of attorneys' fees to the prevailing party in a litigation [and] a provision in an agreement allowing the recovery of attorneys' fees that are incidents of litigation should be strictly construed" (Horwitz v 1025 Fifth Ave., Inc., 34 AD3d 248, 249 [2006] [internal quotation marks and citation omitted]; see 40-50 Brighton First Rd. Apts. Corp. v Henderson, 51 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Since the conditions in paragraph 23 upon which landlord may recover attorney's fees as "added rent" are not present in this holdover proceeding based on the termination of a month-to-month tenancy, where there was no default by tenants which prompted the cancellation of the lease or the taking back and rerenting of the apartment by landlord, the Civil Court lacked subject matter jurisdiction to entertain landlord's claims for attorney's fees in this summary proceeding (see Jacoby v Cabrera, 60 Misc 3d 136[A], 2018 NY Slip Op 51079[U]; Green v Weslowski, 53 Misc 3d 144[A], 2016 NY Slip Op 51568[U],*1; Inland Diversified Real Estate Serv., LLC v Keiko NY, Inc., 51 Misc 3d 139[A], 2016 NY Slip Op 50613[U], *2). Were the issue properly in the case, we would find, for the same reason, that landlord is not entitled to such fees.
While only tenant Yael Neumann-Werth cross-appealed, the award of attorney's fees as against tenant Ari Werth must also be set aside for lack of subject matter jurisdiction.
Accordingly, the judgment is reversed and landlord's claim for attorney's fees is [*4]dismissed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 02, 2018