LG Funding, LLC v Johnson & Son Locksmith, Inc. (2019 NY Slip Op 02330)





LG Funding, LLC v Johnson & Son Locksmith, Inc.


2019 NY Slip Op 02330


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2018-01212
 (Index No. 606267/17)

[*1]LG Funding, LLC, appellant, 
v
Johnson and Son Locksmith, Inc., etc., et al., respondents.


Gene Rosen's Law Firm a Professional Corporation, Kew Gardens Hills, NY, for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered November 14, 2017. The judgment, insofar as appealed from, upon an order of the same court entered October 23, 2017, denying that branch of the plaintiff's motion which was for an award of an attorney's fee in the sum of $6,457.75, failed to award it an attorney's fee.
ORDERED that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the plaintiff's motion which was for an award of an attorney's fee in the sum of $6,457.75 is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.
In January 2017, the defendant Johnson and Son Locksmith, Inc., doing business as Absolute Lock & Safe (hereinafter Absolute), entered into a merchant agreement (hereinafter the agreement) with the plaintiff pursuant to which Absolute agreed to sell $26,897 of its future receivables in exchange for an up-front payment of $20,690. The agreement was guaranteed by the individual defendants Steven Johnson and Erin Johnson.
After Absolute allegedly defaulted, the plaintiff commenced this action, seeking to recover the unpaid balance, a default fee, and an award of an attorney's fees. After the defendants joined issue, the plaintiff moved, inter alia, for summary judgment on the complaint and for an award of an attorney's fee in the sum of $6,457.75. The defendants did not oppose the motion. In an order entered October 23, 2017, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the complaint, but denied that branch of the motion which was for an award of an attorney's fee. On November 14, 2017, judgment, upon the order, was entered in favor of the plaintiff and against the defendants in the sum of $28,103.60. The plaintiff appeals, arguing that it should have been awarded an attorney's fee.
"Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491; see Flemming v Barnwell Nursing Home & Health Facilities, Inc., 15 NY3d 375, 379; Baker v Health Mgt. Sys., 98 NY2d 80, 88; 214 Wall St. Assoc., LLC v Medical Arts-Huntington Realty, 99 AD3d 988, 990). " New York public policy disfavors any award of attorneys' fees to the prevailing party in a litigation'" (Pickett v 992 Gates Ave. Corp., 114 AD3d 740, 741, quoting Horwitz v 1025 Fifth Ave., [*2]Inc., 34 AD3d 248, 249). Consequently, "a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (Hooper Assoc. v AGS Computers, 74 NY2d at 491; see Spodek v Neiss, 86 AD3d 561, 561).
Here, the Supreme Court should have awarded the plaintiff an attorney's fee pursuant to the terms of the agreement. Section three of the agreement provided that the plaintiff would be entitled to recover all reasonable costs, including attorneys' fees, in the event of a default by Absolute and the commencement of an action by the plaintiff to enforce its rights under the agreement. The plaintiff commenced this action for the purpose of enforcing its rights to recover pursuant to the agreement and the personal guaranties after Absolute's default on its repayment obligations. As such, the plaintiff is entitled to recover reasonable attorney's fees from the defendants pursuant to Section three of the agreement.
The plaintiff also submitted sufficient evidence of the reasonable value of the legal services rendered and the defendants did not contest the reasonableness of the requested fees. Consequently, no hearing is required on the amount of the attorney's fee to be awarded to the plaintiff (see Kuttas v Condon, 290 AD2d 492, 493-494; Guiliano v Carlisle, 236 AD2d 364, 365-366), and an amended judgment in favor of the plaintiff should be entered to include an award of an attorney's fee in the sum of $6,457.75.
Contrary to the plaintiff's contention, it is not entitled to an award of additional attorney's fees incurred on appeal (see IG Second Generation Partners, L.P. v Kaygreen Realty Co., 114 AD3d 641, 643; 214 Wall St. Assoc., LLC v Medical Arts-Huntington Realty, 99 AD3d at 990; 546-552 W. 146th St. LLC v Arfa, 99 AD3d 117, 122).
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court