Brenda G. v AHZ Props. LLC (2025 NY Slip Op 02268)

Brenda G. v AHZ Props. LLC

2025 NY Slip Op 02268

Decided on April 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 17, 2025

Before: Kern, J.P., Kennedy, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 20867/20|Appeal No. 4084|Case No. 2024-04975|

[*1]Brenda G., as Parent and Natural Guardian of R.A.R.G., Plaintiff-Respondent,
v
AHZ Properties LLC., Defendant, The Fitzgerald Law Firm, P.C., Nonparty-Appellant.

The Fitzgerald Law Firm, P.C., Yonkers (Mitchell Gittin of counsel), for appellant.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered July 9, 2024, which, to the extent appealed from, disallowed plaintiff's application to award her counsel, nonparty appellant The Fitzgerald Law Firm, P.C., reimbursement for its disbursements and expenditures in the amount of $8,657, unanimously reversed, on the law, without costs, and the matter remanded for reconsideration.
Plaintiff, as parent and natural guardian of R.A.R.G., entered into a supplemental contingent fee retainer agreement that permitted The Fitzgerald Law Firm to incur and deduct expenses for retaining expert witnesses and obtaining their reports, as well as associated travel expenses. In support of the application for an infant compromise order, plaintiff averred that she understood and agreed that The Fitzgerald Law Firm would receive reimbursement of the disbursements and expenditures that were properly made on her behalf in the amount of $8,657 (see MacKay v Yoon, 92 AD3d 536, 537-538 [1st Dept 2012]).
The settlement of an infant's claim must be approved by the court as fair and reasonable and in the infant's best interests (see CPLR 1207, 1208; Judiciary Law § 474; Valdimer v Mount Vernon Hebrew Camps, 9 NY2d 21, 24 [1961]). Pursuant to 22 NYCRR 202.67, a proposed infant compromise order may provide for deduction of certain enumerated disbursements from the settlement, including, as is relevant here, expert fees. Supreme Court improvidently exercised its discretion in wholly disallowing, based on its own blanket policy not to grant disbursements in infant compromise orders, the branch of the application that sought to reimburse The Fitzgerald Law Firm for disbursements. The court gave no reason for its policy.
We therefore remand for review of the schedule of disbursements annexed to the application along with the retainer agreement and for a determination of whether said sums were reasonable, properly explained, and incurred for the purpose of prosecuting the infant plaintiff's personal injury claims (see Medina v New York Presbyt. Hosp., 25 AD3d 438, 438 [1st Dept 2006]). The court should also consider in its review whether it is appropriate for the law firm to take one third of the recovery before the deduction of reimbursements (see 22 NYCRR 202.67[a]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 17, 2025