O'Hagan v Robertson (2026 NY Slip Op 00842)

O'Hagan v Robertson

2026 NY Slip Op 00842

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 365265/21|Appeal No. 5821|Case No. 2025-00026|

[*1]Cindy J. O'Hagan, Plaintiff-Appellant,
vChristopher C. Robertson, Defendant-Respondent.

Aronson Mayefsky & Sloan, LLP, New York (Reid A. Aronson of counsel), for appellant.
Cohen Clair Lans Greifer & Simpson, LLP, New York (Shannon Rogers Simpson of counsel), for respondent.

Order, Supreme Court, New York County (Ariel D. Chesler, J.), entered on or about November 29, 2024, which, to the extent appealed from, granted defendant husband's motion for an order directing reimbursement of various children's add-on expenses in the amount of $25,000 and awarded him $35,000 in counsel fees, and denied plaintiff wife's cross-motion seeking monetary damages for the husband's breach of the joint decision-making provisions of the parties' 2022 so-ordered settlement agreement, unanimously modified, on the law, to vacate the $35,000 counsel fee award and remand the matter for further proceedings on the issue of reasonable counsel fees, and otherwise affirmed, without costs.
Supreme Court properly interpreted the parties' stipulation of settlement to be unambiguous with respect to the wife's obligation to pay for tutoring and summer programs, and not dependent on her consent. According to the clear terms of the parties' settlement, which is subject to the ordinary principles of contract construction and interpretation, the financial obligations provision required the wife to pay 100% of certain add-on expenses without any language conditioning her obligation on her agreement to specific programs, provided that the expenses fell within the listed categories (see Keller-Goldman v Goldman, 149 AD3d 422, 424 [1st Dept 2017], affd 31 NY3d 1123 [2018]). The tutoring and summer programs did, in fact, fall within the listed categories. 
However, Supreme Court erred in awarding the husband $35,000 in counsel fees. This amount far exceeded the amount in controversy, and the award included billing entries for work unrelated to the motion (see Pickett v Gibbs, 80 AD3d 592, 593 [2d Dept 2011], lv dismissed 17 NY3d 790 [2011]). Furthermore, the legal fees provision of the settlement agreement is narrowly worded to permit recovery only where a party incurs fees for bringing a motion where a proper notice of default is provided, and the husband failed to provide the wife with such a notice regarding the summer program and a portion of the tutoring expenses (see Gottlieb v Such, 293 AD2d 267, 268 [1st Dept 2002], lv denied 98 NY2d 606 [2002]). The husband also did not prevail on his request for declaratory relief regarding college tuition payments, which constituted a significant portion of the relief sought and would not have been recoverable in any event. Moreover, the counsel fee award was reduced by less than $1,000 from the $36,000 requested. The husband also does not dispute that the matter involved straightforward legal issues and a limited amount in controversy, and he does not give a satisfactory explanation as to why the analysis of discrete issues of default required more than 22 hours to prepare.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026