■ MANHATTANVILLE COLLEGE, Appellant, v JAMES JOHN RO-MEO CONSULTING ENGINEER, P.C., et al., Respondents, et al., Defendants. [813 NYS2d 767]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals (1) from an order of the Supreme

Court, Westchester County (Barone, J.), entered October 12, 2004, which granted the motion of the defendant Aerco International, Inc., for summary judgment dismissing, inter alia, the seventh and eighth causes of action of the fourth amended complaint, (2) from an order of the same court entered November 8, 2004 which granted the motion of the defendant James John Romeo Consulting Engineer, P.C., pursuant to CPLR 3211 (a) (7) to dismiss the fourth amended complaint insofar as asserted against it, (3), as limited by its brief, from so much of an order of the same court, also entered November 8, 2004, as granted those branches of the motion of the defendant Peco, Inc., which were, in effect, pursuant to CPLR 3211 to dismiss the claim for punitive damages insofar as asserted against it and pursuant to CPLR 3024 (b) to strike certain prejudicial material contained in the fourth amended complaint, and (4), as limited by its brief, from so much of an order of the same court, also entered November 8, 2004, as granted, on default, the motion of the defendant Rathe Associates, Inc., pursuant to CPLR 3211 (a) (7) to dismiss the fourth amended complaint insofar as asserted against it "to the extent that it seeks damages not recoverable by law."

Ordered that the appeal from so much of the second order entered November 8, 2004 as granted that branch of the motion of the defendant Peco, Inc., which was, in effect, pursuant to CPLR 3024 (b) to strike certain prejudicial matter contained in the fourth amended complaint is dismissed, as no appeal lies as of right (*see* CPLR 5701 [b] [3]; *O'Callaghan v Stepfamily Found.,* 292 AD2d 579, 580 [2002]), and leave to appeal has not been granted; and it is further,

Ordered that the appeal from the third order entered November 8, 2004 is dismissed, as no appeal lies from an order made upon the default of an appealing party (*see* CPLR 5511; *Matter of Baptiste v Emmanuel,* 21 AD3d 503 [2005]; *Matter of Porscha Monique J.,* 21 AD3d 415 [2005]); and it is further,

Ordered that the order entered October 12, 2004 is affirmed; and it is further,

Ordered that the first order entered November 8, 2004 is affirmed; and it is further,

Ordered that the second order entered November 8, 2004 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

After a January 1999 boiler accident on its college campus, the plaintiff undertook to replace that boiler and to replace or retrofit certain other boilers and appurtenant fixtures. It com-

menced the instant action, inter alia, to recover the cost of the replacement and retrofitting from the entities involved in the manufacture, sale, installation, and maintenance of the defective bolier. We previously held, inter alia, that the professional malpractice cause of action against the defendant engineer, James John Romeo Consulting Engineer, P.C. (hereinafter Romeo), was time-barred, as were the causes of action against the defendant boiler manufacturer, Aerco International, Inc. (hereinafter Aerco), the defendant boiler distributor, Rathe Associates, Inc. (hereinafter Rathe), and the defendant construction manager, Peco, Inc. (hereinafter Peco), to the extent that those causes of action arose from alleged wrongful conduct in the 1991 installation of the boiler system, whether alleging negligence, strict products liability, or breach of contract (*see Manhattanville Coll. v James John Romeo Consulting Engr., P.C.,* 5 AD3d 637 [2004]). We expressly rejected the plaintiff's attempt to add a professional malpractice cause of action against Peco, but determined that the plaintiff stated a viable cause of action against Peco alleging breach of an independent 1991 maintenance contract, to the extent that the alleged breach or breaches occurred less than six years before the commencement of this action on January 31, 2000. We further held that the plaintiff could serve a third amended complaint to add causes of action against Peco alleging restitution and indemnity, but rejected the plaintiff's attempt to add a demand for punitive damages against Peco. We further held that the plaintiff stated a viable cause of action sounding in negligence and strict products liability against Aerco and Rathe, but only to compensate it for physical damage to property other than the boiler system that had malfunctioned and was alleged to be defective. We explained that compensation for damage to the boiler system itself could only be recovered, if at all, through contract theories of liability, which were time-barred (*id.*).

The plaintiff then served a fourth amended complaint, reiterating causes of action alleging indemnity and restitution against Romeo, adding causes of action alleging indemnity and restitution against Aerco and Rathe, and asserting a claim for punitive damages against Romeo and Aerco. The plaintiff also reiterated allegations against Peco previously set forth in the third amended complaint, which asserted that Peco negligently provided design and engineering services in connection with the installation of the boiler system in 1991 and added a claim for punitive damages against Peco. The Supreme Court dismissed the fourth amended complaint insofar as asserted against Romeo, and granted Aerco's motion for summary judgment dismissing the seventh and eighth causes of action for indemnity

and restitution, which demanded, inter alia, punitive damages. The Supreme Court struck the allegations in the fourth amended complaint that had been challenged by Peco, and granted that branch of Peco's motion, in effect, pursuant to CPLR 3211 to dismiss the claim for punitive damages insofar as asserted against Peco. It also granted, on default, Rathe's motion pursuant to CPLR 3211 (a) (7) to dismiss the fourth amended complaint insofar as asserted against it "to the extent it seeks damages not recoverable by law." We dismiss the appeal from the order granting Rathe's motion and the appeal from so much of the order as struck the prejudicial allegations challenged by Peco, and otherwise affirm.

When a plaintiff seeks to recover damages for purely economic loss resulting from the failure or malfunction of a product, such as the cost of replacing or retrofitting the product, or for damage to the product itself, the plaintiff may not seek recovery in tort against the manufacturer or the distributor of the product, but is limited to a recovery sounding in breach of contract or breach of warranty (*see Bellevue S. Assoc. v HRH Constr. Corp.*, 78 NY2d 282, 293-295 [1991]; *see also 532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 288 n 1 [2001]; *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316 [1995]; *Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.]*, 84 NY2d 685, 688-689 [1995]; *7 World Trade Co. v Westinghouse Elec. Corp.*, 256 AD2d 263, 264 [1998]). The breach of contract causes of action against Aerco have already been dismissed as time-barred.

In addition, although its economic loss for the repair or replacement of the boiler system would generally have been recoverable under a professional malpractice theory (*see 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.*, 259 AD2d 75, 83-84 [1999]), the plaintiff's malpractice cause of action against Romeo has already been dismissed as time-barred (*see* CPLR 214 [6]; *see Manhattanville Coll. v James John Romeo Consulting Engr., P.C., supra* at 640).

Thus, the Supreme Court properly dismissed the fourth amended complaint insofar as asserted against Romeo, and properly granted summary judgment dismissing the plaintiff's seventh and eighth causes of action, which were asserted against the defendant Aerco.

The plaintiff did not oppose Rathe's motion and, thus, the order granting that motion was made on default. Because no appeal lies from an order made on the default of the appealing party, the appeal from that order must be dismissed (*see* CPLR 5511; *Matter of Porscha Monique J., supra*).

The plaintiff's remaining contentions are without merit. Miller, J.P., Crane, Luciano and Rivera, JJ., concur.