■ CATHERINE DUPUIS, Appellant, v 424 EAST 77TH OWNERS CORP., Respondent, et al., Defendant. [821 NYS2d 173]—

---

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered on or about May 12, 2005, which denied plaintiff's motion for summary judgment, granted defendant co-op board's cross motion for summary judgment and ordered the escrow agent to remit to defendant 424 East 77th Owners Corp. the amount of $22,476.05, unanimously reversed, on the law, with costs, plaintiff's motion granted, defendant co-op board's motion denied, and the escrow agent directed to remit $22,476.05 plus interest to plaintiff. Appeal from order, same court and Justice, entered September 22, 2005, which granted plaintiff's motion for reargument, unanimously dismissed as academic, without costs, in light of the foregoing.

Plaintiff is a former owner of a co-op apartment at 424 East 77th Street. In June 2003, she brought an action against two of her neighbors, alleging that excessive noise from their apartment was creating a nuisance, which caused her to become ill and partially disabled. Plaintiff named the co-op as an additional defendant in that action, claiming that the co-op board breached the warranty of habitability. Plaintiff sought injunctive relief and damages against all of the defendants, including $1 million in compensatory damages against the co-op. The co-op board asserted a counterclaim for its attorneys' fees, premised upon paragraph 28 of the plaintiff's lease, which provides: "If the Lessee shall at any time be in default hereunder and the Lessor shall incur any expense (whether paid or not) in performing acts which the Lessee is required to perform, or in instituting any action or proceeding based on such default, or defending, or asserting a counterclaim in any action or proceeding brought by the Lessee, the expense thereof to the Lessor, including reasonable attorney's fees and disbursements, shall be paid by the Lessee to the Lessor, on demand, as additional rent."

Approximately a year after the action was commenced, before any discovery had taken place, plaintiff's counsel indicated plaintiff's intent to discontinue the action and sell her apartment. The co-op board would not allow her to close on the sale of her apartment until she paid its fees in defense of the litigation. The matter was settled by the execution of a "Settlement and Execution Agreement."

That agreement provided that the parties would stipulate to the discontinuance of plaintiff's action with prejudice, except for the co-op board's counterclaim for fees. It also provided that

within 60 days of the closing on plaintiff's sale of her apartment, plaintiff would commence an action against the co-op for the disposition of $22,476.05, claimed due to the co-op in the original action. These funds had been placed in escrow pending a court order authorizing or directing the escrow agent to release them to one or both parties.

Plaintiff then brought this declaratory judgment action pursuant to the agreement. Plaintiff alleged that the resolution of the dispute depended upon the court's interpretation of paragraph 28 of the lease. In the orders appealed, the IAS court determined that the co-op board was entitled to the $22,476.05 held in escrow for attorneys' fees. We disagree.

Attorneys' fees are generally considered incidental to litigation, and each party is presumed responsible for his or her own attorneys' fees unless an award is authorized by agreement statute or court rule (*see Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1 [1986]). The co-op board claims that paragraph 28 of the proprietary lease, exempts this case from the general rule because the agreement in the lease entitles it to payment of its fees. However, the language of the cited clause specifically limits its application to actions commenced as a result of plaintiff's default under the terms of the lease. In the prior action, plaintiff alleged that her neighbors were creating a nuisance. The co-op board was named as a defendant, and plaintiff alleged that it breached its duties by failing to abate the neighbors' nuisance. There was no allegation in the litigation that plaintiff was in default under her lease. Accordingly, paragraph 28 of the lease does not require plaintiff to pay the co-op board's legal fees (*St. George Tower & Grill Owners Corp. v Honig*, 232 AD2d 475 [1996]; *Mogulescu v 255 W. 98th St. Owners Corp.*, 135 AD2d 32, 40-41 [1988], *lv dismissed in part and denied in part* 73 NY2d 868 [1989]). We have considered and rejected defendant co-op board's additional claims. Concur—Mazzarelli, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.