■ RICHARD JACKSON et al., Appellants, v WESTMINSTER HOUSE OWNERS INC. et al., Respondents. [861 NYS2d 315]—

Order, Supreme Court, New York County (Kibbie F. Payne, J.), entered May 17, 2007, which, insofar as appealed from, denied plaintiffs' motion to renew that portion of an order and judgment (one paper), same court and Justice, entered May 18, 2005, awarding attorneys' fees to defendant residential cooperative, unanimously affirmed, without costs.

Plaintiffs sued defendants cooperative and managing agent under various contract and tort theories. The co-op, pursuant to

paragraph 28 of the proprietary lease, asserted a counterclaim for attorneys' fees incurred in defending that action. The court, in the order and judgment that plaintiffs seek to vacate, which was affirmed by this Court (24 AD3d 249 [2005], *lv denied* 7 NY3d 704 [2006]), dismissed the complaint, granted the counterclaim, and referred the matter to a Special Referee to determine the amount of reasonable attorneys' fees. Plaintiffs correctly argue that in *Dupuis v 424 E. 77th Owners Corp.* (32 AD3d 720 [2006]), which was decided subsequent to the subject order and judgment, we held that paragraph 28 of the proprietary lease therein, identical to paragraph 28 herein, did not entitle the defendant co-op to recover attorneys' fees, since there was no claim that the plaintiff tenant/shareholder, who sued the co-op for breach of the warranty of habitability, was in default of her lease obligations. Contrary to plaintiffs' characterization, however, *Dupuis* was neither new law nor a clarification of prior law, and thus cannot serve as a basis for renewal (CPLR 2221 [e] [2]). Our prior ruling in *Mogulescu v 255 W. 98th St. Owners Corp.* (135 AD2d 32, 40-41 [1988], *lv dismissed in part and denied in part* 73 NY2d 868 [1989]), cited by *Dupuis*, articulated the same proposition with respect to an identical paragraph 28, as had the Second Department in *St. George Tower & Grill Owners Corp. v Honig* (232 AD2d 475 [1996]), also cited by *Dupuis*. Nor do plaintiffs offer an explanation for their failure to timely assert these precedents that might excuse such failure and warrant vacatur of the judgment in the interests of justice (CPLR 5015 [a] [1]; *see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]). Concur—Tom, J.P., Andrias, Nardelli and Williams, JJ.