CIVES CORPORATION, Plaintiff, v HUNT CONSTRUCTION GROUP, INC., Respondent, and AASHA G.C., INC., et al., Appellants. [937 NYS2d 426]—

Rose, J.

After the steel work was completed and accepted, and plaintiff had been paid except for retainage, change orders and extras, plaintiff commenced this action against Halbritter, AASHA and Hunt to recover these unpaid amounts. AASHA then cross-claimed against Hunt for the unpaid amounts due plaintiff plus AASHA's eight percent markup on these amounts. When AASHA and Halbritter later moved for partial summary judgment on AASHA's cross claim against Hunt for breach of the Hunt-AASHA subcontract, Hunt cross-moved for, among other things, summary judgment dismissing AASHA's separate cross claim asserting that it is a third-party beneficiary of the Nation-Hunt prime contract. As part of Hunt's cross motion, it disclosed that it had settled plaintiff's claim for $1,050,000 and that

plaintiff had released Hunt and assigned its claim against AASHA to Hunt. AASHA and Halbritter then amended the motion seeking partial summary judgment against Hunt by limiting the amount AASHA sought to recover to its eight percent markup on the $1,050,000 settlement amount. Supreme Court held that AASHA was not entitled to summary judgment because a clause in the Hunt-AASHA subcontract made the Nation's payment to Hunt a condition precedent to Hunt's payment to AASHA, and the court found an issue of fact as to whether the Nation had paid Hunt. Supreme Court also granted Hunt's cross motion for dismissal of AASHA's separate cross claim as a third-party beneficiary of the Nation-Hunt prime contract, reversing its earlier ruling that AASHA was a third-party beneficiary. AASHA and Halbritter appeal.[1]

The Hunt-AASHA subcontract attached to AASHA's motion expressly states in paragraph 5.9 (g) that "[f]inal [p]ayment by the Owner to Hunt shall be an express condition precedent to Hunt's duty to make [f]inal [p]ayment to the Subcontractor."[2] AASHA contends that public policy, as reflected in *West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.* (87 NY2d 148, 158 [1995]), precludes enforcement of this condition precedent. We decline to apply *West-Fair* here, however, because it is based upon preservation of subcontractors' Lien Law rights (*see West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.*, 87 NY2d at 158-159), and AASHA concedes that, inasmuch as the project was constructed on the Nation's property and the Nation has sovereign immunity, it has no Lien Law rights. Given that, and the express condition precedent language in the contract (*see Mullany v Munchkin Enters., Ltd.*, 69 AD3d 1271, 1274 [2010]; *Schuler-Haas Elec. Corp. v Aetna Cas. & Sur. Co.*, 49 AD2d 60, 64 [1975], *affd* 40 NY2d 883 [1976]), Supreme Court properly concluded that AASHA is not entitled to payment until Hunt is paid by the Nation.

AASHA also argues that if the condition precedent language is enforceable, then it is at least entitled to a judgment for its eight percent markup on the portion of plaintiff's retainage that the Nation has released to Hunt. We cannot agree, however, because AASHA amended its motion and no longer seeks to recover plaintiff's retainage. Instead, AASHA now seeks to re-

1. Although Halbritter is named in the notice of motion, notice of cross motion and notice of appeal, the substance of the motions and appeal are directed to AASHA's cross claims, and we limit our discussion accordingly.

2. Although Hunt attaches a modified version of the subcontract as an appendix to its brief, we will not consider it because it is not part of the record on appeal (*see e.g. Kool-Temp Heating & Cooling v Ruzika*, 6 AD3d 869, 870 [2004]).

cover only its markup, and Hunt's averment that it has not yet been paid the markup raises factual issues as to whether the condition precedent has been satisfied. Thus, Supreme Court correctly denied AASHA's motion for partial summary judgment against Hunt (*see State of New York v Robin Operating Corp.*, 3 AD3d 757, 759 [2004]; *Matzen Constr. v Schultz*, 257 AD2d 724, 726 [1999]).

Nevertheless, we agree with AASHA that Supreme Court erred in reversing its previous decision denying summary judgment to Hunt on AASHA's third-party beneficiary claim (*see Spa Realty Assoc. v Springs Assoc.*, 213 AD2d 781, 783-784 [1995]). Hunt does not contend that it timely sought to reargue, and it did not come forward with any "change in the law that would change the prior determination" so as to qualify its latest motion as one to renew (CPLR 2221 [e] [2]; *see Jackson v Westminster House Owners Inc.*, 52 AD3d 404, 405 [2008]). Although the decision relied on by Hunt, *IMS Engrs.-Architects, P.C. v State of New York* (51 AD3d 1355 [2008], *lv denied* 11 NY3d 706 [2008]), was decided after the denial of Hunt's earlier motion for summary judgment on this cross claim, that case does not change the law so as to be a proper basis for renewal. Instead, it merely applies the settled proposition that a party cannot claim third-party beneficiary status with respect to a contract that expressly negates any intent to permit its enforcement by third parties (*see IMS Engrs.-Architects, P.C. v State of New York*, 51 AD3d at 1357-1358, citing *Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d 783, 786-787 [2006]). There was, therefore, no basis for renewal and Hunt's cross motion for dismissal of this cross claim should have been denied. Finally, we have considered Hunt's remaining contention that it has an offset and find it to be without merit.

Peters, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the cross motion of defendant Hunt Construction Group, Inc. for summary judgment dismissing the second cross claim; cross motion denied; and, as so modified, affirmed.