Rides Unlimited of N.Y., Inc. v Engineered Energy Solutions, LLC (2020 NY Slip Op 03260)





Rides Unlimited of N.Y., Inc. v Engineered Energy Solutions, LLC


2020 NY Slip Op 03260


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-06508
 (Index No. 605807/14)

[*1]Rides Unlimited of New York, Inc., appellant,
v
Engineered Energy Solutions, LLC, et al., defendants, Kleinfelder East, P.C., respondent.


Ruskin Moscou Faltischek, P.C., Uniondale, NY (Joseph R. Harbeson and Michael A. H. Schoenberg of counsel), for appellant.
Marshall, Dennehey, Warner, Coleman & Googin, P.C., Melville, NY (Martin A. Schwartzberg of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for professional malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucharia, J.), entered June 20, 2017. The order, in effect, granted that branch of the motion of the defendant Kleinfelder East, P.C., which was for leave to reargue its prior motion for summary judgment dismissing the complaint insofar as asserted against it, which had been denied in an order of the same court entered March 22, 2017, and, in effect, upon reargument, vacated the provision in the order entered March 22, 2017, denying that defendant's prior motion, and thereupon granted that defendant's prior motion.
ORDERED that the order entered June 20, 2017, is affirmed, with costs.
A motion for leave to reargue is addressed to the sound discretion of the Supreme Court (see HSBC Bank USA, N.A. v Halls, 98 AD3d 718, 720; Matter of Swingearn, 59 AD3d 556, 557). A motion for reargument must be "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). The Supreme Court providently exercised its discretion by, in effect, granting that branch of the motion of the defendant Kleinfelder East, P.C. (hereinafter Kleinfelder East), which was for leave to reargue its prior motion for summary judgment dismissing the complaint insofar as asserted against it. Kleinfelder East demonstrated that the court overlooked or misapprehended the argument regarding whether it owed a duty of care to the plaintiff so as to be liable for professional malpractice.
We agree with the Supreme Court's determination, in effect, upon reargument, to grant Kleinfelder East's motion for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff sought to recover damages against Kleinfelder East, an engineering firm, based upon professional malpractice in allegedly negligently misrepresenting that certain work on a project had been performed by the defendant Engineered Energy Solutions, LLC, and that certain materials had been supplied. There is no dispute, however, that Kleinfelder East did not have a written agreement with the plaintiff and that Kleinfelder East's only written agreement was with a [*2]nonparty, the Greater Long Island Clean Cities Coalition. A cause of action alleging professional malpractice may be pursued even when there is no privity between the parties only if the parties share a "relationship so close as to approach that of privity" (Ossining Union Free School Dist. v Anderson Larocca Anderson, 73 NY2d 417, 424; see Tambrands, Inc. v Lockwood Greene Engrs., 178 AD2d 406, 408). Liability to a third party may attach for negligent misrepresentation where there is "(1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance" (Prudential Ins. Co. of Am. v Dewey, Ballentine, Busby, Palmer & Wood, 80 NY2d 377, 384; see Parrott v Coopers & Lybrand, 95 NY2d 479, 484; Sykes v RFD Third Ave. 1 Assoc., LLC, 67 AD3d 162, 165-166, affd 15 NY3d 370; Reliance Ins. Co. v Morris Assoc., 200 AD2d 728). Moreover, "[m]ore is needed to show the functional equivalent of privity than that a reliant party was actually known" (Point O'Woods Assn. v Those Underwriters at Lloyd's, London Subscribing to Certificate No. 6771, 288 AD2d 78, 79). Here, Kleinfelder East established, prima facie, that it did not engage in conduct linking it to the plaintiff or evincing its understanding of the plaintiff's reliance (see Sykes v RFD Third Ave. 1 Assoc., LLC, 67 AD3d at 167-168). Thus, Kleinfelder East established, prima facie, that it did not owe a duty of care to the plaintiff. In opposition, the plaintiff failed to raise a triable issue of fact.
In light of our determination, the plaintiff's remaining contentions are rendered academic.
MASTRO, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court