Basso v Durant (2022 NY Slip Op 05978)

Basso v Durant

2022 NY Slip Op 05978

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2019-14389
 (Index No. 150991/17)

[*1]Salvatore Basso, et al., appellants,
v
Delroy C. Durant, etc., et al., defendants, Noel R. F. Shaw, Jr., etc., respondent.

Thaniel J. Beinert, Brooklyn, NY (Erica D. Vitanza of counsel), for appellants.
Tromello & Fishman, Melville, NY (Jonathan P. Pirog of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and professional malpractice, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated November 21, 2019. The order, insofar as appealed from, upon renewal, adhered to a prior determination in an order of the same court dated October 20, 2017, granting the motion of the defendant Noel R. F. Shaw, Jr., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order dated November 21, 2019, is affirmed insofar as appealed from, with costs.
The plaintiffs Salvatore Basso, Sabrina Basso, and Mario Basso sought to construct a car wash at property located in Staten Island, which they subsequently leased through a corporate entity, the plaintiff H20 Auto Spa, Inc. In furtherance of this project, Salvatore Basso entered into a contract with the defendant Delroy C. Durant through Durant's company, the defendant Alpha Design and Construction, Inc. Durant agreed to provide architectural, engineering, administrative, and expediting services for the project, and to work to secure approval of plans from the New York City Department of Buildings (hereinafter DOB). Thereafter, Durant entered into a verbal agreement with the defendant Noel R. F. Shaw, Jr., a licensed architect, for Shaw to render the architectural services that Durant had agreed to provide for the project. As the project progressed, the plaintiffs received various objections from DOB allegedly stemming from documents that Durant had filed with DOB, which bore Shaw's signature and seal. The plaintiffs allegedly incurred significant monetary damages to resolve those objections.
The plaintiffs commenced this action against, among others, Shaw, asserting causes of action, inter alia, to recover damages for breach of contract and professional malpractice. Shaw moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him. In an order dated October 20, 2017, the Supreme Court granted the motion. Subsequently, the plaintiffs moved to renew their opposition to Shaw's motion. In an order dated November 21, 2019, the court granted leave to renew and, upon renewal, adhered to the prior determination granting Shaw's motion. The plaintiffs appeal.
The plaintiffs failed to present any new fact not offered in opposition to Shaw's motion that would have changed the determination to grant those branches of Shaw's motion where were pursuant to CPLR 3211(a) to dismiss the breach of contract and professional malpractice causes of action insofar as asserted against him (see Oparaji v ABN Amro Mtge. Group, Inc., 202 AD3d 988, 989). Durant's deposition testimony, emails that Durant exchanged with Shaw, certain DOB filings, and a letter from Shaw to Mario Basso contained facts that were either not relevant to the issues presented by Shaw's motion or duplicative of information provided in support of or in opposition to Shaw's motion. The contents of the letter between Shaw and Mario Basso was described by Shaw in his affidavit that was submitted in support of his motion. Durant's deposition testimony confirming that he had retained Shaw as the project architect would not have affected the prior determination, since that fact was not in dispute at the time of Shaw's motion. The fact that Durant's agreement with Shaw was verbal and not reduced to writing has no material impact on whether the plaintiffs were intended third-party beneficiaries thereof (see Board of Mgrs. of 100 Congress Condominium v SDS Congress, LLC, 152 AD3d 478, 480), or whether their relationship with Shaw was so close as to be the functional equivalent of privity (see Rides Unlimited of N.Y., Inc. v Engineered Energy Solutions, LLC, 184 AD3d 695, 696). Shaw's grant of permission to Durant to affix Shaw's signature and seal to certain DOB filings, as set forth in the emails between Shaw and Durant, and confirmed by Durant's deposition testimony, is also not relevant to those issues. The DOB filings contained no new material information on the issues of privity or whether the plaintiffs were third-party beneficiaries of the agreement between Durant and Shaw. Further, the plaintiffs' contention that an oral agreement existed between Salvatore Basso and Shaw regarding the use of the professional certification program is insufficient to serve as a basis for their breach of contract cause of action. The record indicates, among other things, that the use of the professional certification program was ancillary to the plaintiffs' contract with Durant and not the result of a separate agreement. The plaintiffs' factual allegations failed to provide sufficient information to reach a contrary conclusion.
The plaintiffs' arguments relating to those branches of Shaw's motion which were to dismiss the remaining causes of action insofar as asserted against him are not properly before us (see Grocery Leasing Corp. v P & C Merrick Realty Co., LLC, 197 AD3d 625, 627; Citimortgage, Inc. v Laupot, 190 AD3d 680, 681).
Accordingly, the Supreme Court, upon renewal, properly adhered to the prior determination granting Shaw's motion to dismiss the complaint insofar as asserted against him.
BARROS, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court