Michael Anthony Contr. Corp. v Queens N.Y. Realty, LLC (2024 NY Slip Op 01704)

Michael Anthony Contr. Corp. v Queens N.Y. Realty, LLC

2024 NY Slip Op 01704

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2020-01556
2020-01569
 (Index No. 604986/14)

[*1]Michael Anthony Contracting Corp., plaintiff third-party defendant, 
v
Queens N.Y. Realty, LLC, defendant third-party plaintiff-appellant-respondent, et al., defendants; Benjamin Mason, etc., third-party plaintiff-appellant-respondent; Hyman Hayes Associates, LLC, et al., third-party defendants- respondents-appellants, et al., third-party defendants.

Alexander M. Dudelson, Brooklyn, NY, for defendant third-party plaintiff-appellant-respondent and third-party plaintiff-appellant-respondent.
Byrne & O'Neill, LLP, New York, NY (Michael J. Byrne and Paul Novak of counsel), for third-party defendants-respondents-appellants Hyman Hayes Associates, LLC, and Myles Hyman.
Tyson & Mendes LLP, New York, NY (Robert Modica and Tina C. Ma of counsel), for third-party defendants-respondents-appellants M/E Engineering, P.C., and F. Joseph Straub.
Rabinowitz Galina & Rosen, Mineola, NY (Susan J. Deith, Michael M. Rabinowitz, Gayle A. Rosen, and Daniel Rabinowitz of counsel), for plaintiff third-party defendant and third-party defendant Hart Roofing & Waterproofing, Inc.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, (1) Queens N.Y. Realty, LLC, the defendant third-party plaintiff, and Benjamin Mason, the third-party plaintiff, appeal, and the third-party defendants Hyman Hayes Associates, LLC, and Myles Hyman cross-appeal, from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered February 3, 2020, and (2) Queens N.Y. Realty, LLC, and Benjamin Mason appeal, and the third-party defendants M/E Engineering, P.C., and F. Joseph Straub cross-appeal, from an order of the same court, also entered February 3, 2020. The first order, insofar as appealed from, granted that branch of the motion of the third-party defendants Hyman Hayes Associates, LLC, and Myles Hyman which was for summary judgment dismissing the first cause of action of the third amended third-party complaint insofar as asserted against the third-party defendant Hyman Hayes Associates, LLC, by Queens N.Y. Realty, LLC, and those branches of that motion which were for summary judgment dismissing the first, second, and third causes of action of the third amended third-party complaint insofar as asserted against those third-party defendants by Benjamin Mason. The first order, insofar as cross-appealed from, denied those branches of the motion of the third-party defendants Hyman Hayes Associates, LLC, and Myles Hyman which were for summary judgment dismissing the [*2]second, third, and fourth causes of action of the third amended third-party complaint insofar as asserted against them by Queens N.Y. Realty, LLC, and the cross-claims of the third-party defendants M/E Engineering, P.C., and F. Joseph Straub insofar as asserted against them. The second order, insofar as appealed from, granted that branch of the motion of the third-party defendants M/E Engineering, P.C., and F. Joseph Straub which was for summary judgment dismissing the fifth cause of action of the third amended third-party complaint insofar as asserted against them by Benjamin Mason. The second order, insofar as cross-appealed from, denied those branches of the motion of the third-party defendants M/E Engineering, P.C., and F. Joseph Straub which were for summary judgment dismissing the fifth and sixth causes of action of the third amended third-party complaint insofar as asserted against them by Queens N.Y. Realty, LLC.
ORDERED that the first order is affirmed insofar as appealed from; and it is further,
ORDERED that the first order is reversed insofar as cross-appealed from, on the law, and those branches of the motion of the third-party defendants Hyman Hayes Associates, LLC, and Myles Hyman which were for summary judgment dismissing the second, third, and fourth causes of action of the third amended third-party complaint insofar as asserted against them by Queens N.Y. Realty, LLC, and the cross-claims of the third-party defendants M/E Engineering, P.C., and F. Joseph Straub insofar as asserted against them are granted; and it is further,
ORDERED that the second order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the third-party defendants M/E Engineering, P.C., and F. Joseph Straub which was for summary judgment dismissing the sixth cause of action of the third amended third-party complaint insofar as asserted against them by Queens N.Y. Realty, LLC, and substituting therefor a provision granting that branch of the motion; as so modified, the second order is affirmed insofar as appealed and cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the third-party defendants Hyman Hayes Associates, LLC, and Myles Hyman, payable by Queens N.Y. Realty, LLC, Benjamin Mason, and the third-party defendants M/E Engineering, P.C., and F. Joseph Straub, and one bill of costs is awarded to the third-party defendants M/E Engineering, P.C., and F. Joseph Straub, payable by Queens N.Y. Realty, LLC, and Benjamin Mason.
The plaintiff third-party defendant, Michael Anthony Contracting Corp. (hereinafter MACC), commenced this action against the defendant third-party plaintiff, Queens N.Y. Realty, LLC (hereinafter Queens Realty), among others, inter alia, to recover damages for breach of contract. The amended complaint alleges that MACC entered into a contract with Queens Realty in relation to a construction project at certain property owned by Queens Realty. MACC alleged, among other things, that Queens Realty failed to pay for additional work that MACC performed at the direction of Queens Realty in connection with the construction project. Thereafter, Queens Realty commenced a third-party action against, among others, MACC. Queens Realty's principal, Benjamin Mason, who was not a named defendant in the main action, was named as a third-party plaintiff in the third-party action. Mason had entered into a contract with the third-party defendant Hyman Hayes Associates, LLC (hereinafter HHA), wherein HHA was to perform architectural services in connection with the construction project. Queens Realty and Mason (hereinafter together the Queens Realty defendants) filed a third amended third-party complaint in June 2017. In the third amended third-party complaint, the Queens Realty defendants, inter alia, asserted a cause of action to recover damages for breach of contract against HHA, as well as causes of action alleging professional malpractice against HHA, HHA's principal, the third-party defendant Myles Hyman (hereinafter together the Hyman Hayes defendants), and the third-party defendants M/E Engineering, P.C. (hereinafter M/E Engineering), and F. Joseph Straub (hereinafter together the M/E defendants). M/E Engineering contracted with HHA to provide engineering services on the construction project. The third amended third-party complaint, among other things, also asserted causes of action for contribution and indemnification against both the Hyman Hayes defendants and the M/E defendants. In their answer to the third amended third-party complaint, the M/E defendants, inter alia, asserted cross-claims for contribution and indemnification against the Hyman Hayes defendants.
Following the completion of discovery, the Hyman Hayes defendants moved for summary judgment dismissing the third amended third-party complaint and all cross-claims insofar as asserted against them, and the M/E defendants cross-moved for summary judgment dismissing the third amended third-party complaint insofar as asserted against them. In an order entered February 3, 2020 (hereinafter the first order), the Supreme Court granted that branch of the Hyman Hayes defendants' motion which was for summary judgment dismissing the first cause of action of the third amended third-party complaint insofar as asserted against HHA by Queens Realty and those branches of that motion which were for summary judgment dismissing the first, second, and third causes of action of the third amended third-party complaint insofar as asserted against the Hyman Hayes defendants by Mason, and denied those branches of that motion which were for summary judgment dismissing the second, third, and fourth causes of action of the third amended third-party complaint insofar as asserted against them by Queens Realty and the cross-claims of the M/E defendants insofar as asserted against them. In an order also entered February 3, 2020 (hereinafter the second order), the court granted that branch of the M/E defendants' motion which was for summary judgment dismissing the fifth cause of action of the third amended third-party complaint insofar as asserted against them by Mason, and denied those branches of that motion which were for summary judgment dismissing the fifth and sixth causes of action of the third amended third-party complaint insofar as asserted against them by Queens Realty. The Queens Realty defendants appeal, and the Hyman Hayes defendants cross-appeal, from the first order. The Queens Realty defendants appeal, and the M/E defendants cross-appeal, from the second order.
The Supreme Court should have granted those branches of the Hyman Hayes defendants' motion which were for summary judgment dismissing the second, third, and fourth causes of action of the third amended third-party complaint insofar as asserted again them by Queens Realty. As an initial matter, the Hyman Hayes defendants established their prima facie entitlement to judgment as a matter of law dismissing the second cause of action, alleging professional malpractice, and fourth cause of action, seeking contribution and indemnification, insofar as asserted against Hyman by Queens Realty by submitting Hyman's affidavit wherein he averred, inter alia, that he did not perform any services in his individual capacity in connection with the construction project. In opposition, the Queens Realty defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320).
The Hyman Hayes defendants also established their prima facie entitlement to judgment as a matter of law dismissing the second cause of action of the third amended third-party complaint, alleging professional malpractice, insofar as asserted against HHA by Queens Realty. "An allegation that a party failed in the proper performance of services related primarily to its profession is a claim of professional malpractice" (Travelers Indem. Co. v Zeff Design, 60 AD3d 453, 455). Where, as here, a claim of professional malpractice alleges only economic injury, the underlying relationship between the parties must be one of contract "or a relationship so close as to approach that of privity" (Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417, 424; see Rides Unlimited of N.Y., Inc. v Engineered Energy Solutions, LLC, 184 AD3d 695, 696). Here, the Hyman Hayes defendants demonstrated that there was no contractual relationship between HHA and Queens Realty and that Queens Realty was not an intended third-party beneficiary of the contract between Mason and HHA. In opposition, Queens Realty failed to raise a triable issue of fact with respect to the nature of its relationship, if any, with HHA.
The Hyman Hayes defendants established their prima facie entitlement to judgment as a matter of law dismissing the third cause of action of the third amended third-party complaint, alleging negligent misrepresentation, insofar as asserted against them by Queens Realty. "In order to sustain [a] claim for misrepresentation, [the defendant must] show that the damages it sustained as a result were different or supplementary to its damages sustained by reason of alleged professional malpractice" (Travelers Indem. Co. v Zeff Design, 60 AD3d at 455). Here, the Hyman Hayes defendants demonstrated that any damages allegedly sustained by Queens Realty as a result of the purported misrepresentations made by the Hyman Hayes defendants were not different or supplementary to the damages Queens Realty allegedly sustained by reason of the alleged professional malpractice of the Hyman Hayes defendants.
The Hyman Hayes defendants also established their prima facie entitlement to judgment as a matter of law dismissing the fourth cause of action of the third amended third-party complaint, seeking contribution and indemnification, insofar as asserted against HHA by Queens Realty. The Hyman Hayes defendants established that if Queens Realty is found liable to MACC, it would be because of Queens Realty's own wrongdoing—for example, due to a breach of contract by Queen Realty (see TOV Mfg., Inc. v Jaco Import Corp., 123 AD3d 477, 478). In opposition, Queens Realty failed to raise a triable issue of fact. Contrary to the contention of Queens Realty, there is no evidence that it fully delegated the duties it owed to MACC to HHA, with which it did not have a contract.
Accordingly, the Supreme Court should have granted those branches of the Hyman Hayes defendants' motion which were for summary judgment dismissing the second, third, and fourth causes of action of the third amended third-party complaint insofar as asserted against them by Queens Realty.
For the same reasons that the Supreme Court should have granted that branch of the Hyman Hayes' defendants' motion which was for summary judgment dismissing the fourth cause of action of the third amended third-party complaint, seeking contribution and indemnification, insofar as asserted against HHA by Queens Realty, the court also should have granted that branch of the M/E defendants' motion which was for summary judgment dismissing the sixth cause of action of the third amended third-party complaint, seeking contribution and indemnification, insofar as asserted against them by Queens Realty.
The Supreme Court should have granted that branch of the Hyman Hayes defendants' motion which was for summary judgment dismissing the M/E defendants' cross-claims for contribution and indemnification insofar as asserted against Hyman. The Hyman Hayes defendants established Hyman's entitlement to judgment as a matter of law by demonstrating that Hyman did not enter into a contract with the M/E defendants and that he did not perform any services in his individual capacity in connection with the construction project. In opposition, the M/E defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320).
A codefendant can only recover on a claim for contribution where there has been a demonstration that the party from whom contribution is sought owed a duty either to the party asserting the claim or to the injured party and that a breach of this duty contributed to the alleged injuries (see Burgos v 14 E. 44 St., LLC, 203 AD3d 688, 690; Cunningham v North Shore Univ. Hosp. at Glen Cove Hous., Inc., 123 AD3d 650, 651). Here, the Hyman Hayes defendants established, prima facie, that HHA did not owe a duty to Queens Realty or to MACC, or a duty of reasonable care independent of its contractual obligations to M/E Engineering (see Cunningham v North Shore Univ. Hosp. at Glen Cove Hous., Inc., 123 AD3d at 651). In opposition, the M/E defendants failed to raise a triable issue of fact. Furthermore, in opposition to the Hyman Hayes defendants' prima facie showing of entitlement to judgment as a matter of law dismissing the M/E defendants' cross-claim for indemnification insofar as asserted against HHA, the M/E defendants also failed to raise a triable issue of fact (see Konsky v Escada Hair Salon, Inc., 113 AD3d 656, 658).
The Supreme Court properly granted that branch of the Hyman Hayes defendants' motion which was for summary judgment dismissing the first cause of action of the third amended third-party complaint, alleging breach of contract, insofar as asserted against HHA by Queens Realty. "Liability for breach of contract does not lie absent proof of a contractual relationship or privity between the parties" (KTG Hospitality, LLC v Cobra Kitchen Ventilation, Inc., 201 AD3d 710, 711 [internal quotation marks omitted]). "A non-party may sue for breach of contract only if it is an intended, and not a mere incidental, beneficiary . . . and even then, even if not mentioned as a party to the contract, the parties' intent to benefit the third party must be apparent from the face of the contract" (East Coast Athletic Club, Inc. v Chicago Tit. Ins. Co., 39 AD3d 461, 463 [internal quotation marks omitted]; see Merlino v Knudson, 214 AD3d 642, 644). Here, the Hyman Hayes defendants established their prima facie entitlement to judgment as a matter of law dismissing the first cause of action insofar as asserted against HHA by Queens Realty by demonstrating that the contract for architectural services was entered into between HHA and Mason, and not between HHA [*3]and Queens Realty, and that the contract expressly precluded the creation of third-party benefits thereunder. "[A] party cannot claim third-party beneficiary status with respect to a contract that expressly negates any intent to permit its enforcement by third parties" (Cives Corp. v Hunt Constr. Group, Inc., 91 AD3d 1178, 1180; see Edward B. Fitzpatrick, Jr. Constr. Corp. v County of Suffolk, 138 AD2d 446, 449-450). In opposition, the Queens Realty defendants failed to raise a triable issue of fact (see World Trade Knitting Mills v Lido Knitting Mills, 154 AD2d 99, 103; Strauss v Belle Realty Co., 98 AD2d 424, 426-427, affd 65 NY2d 399).
The Supreme Court properly granted those branches of the Hyman Hayes defendants' motion which were for summary judgment dismissing the first, second, and third causes of action of the third amended third-party complaint insofar as asserted against them by Mason and that branch of the M/E defendants' motion which was for summary judgment dismissing the fifth cause of action of the third amended third-party complaint insofar as asserted against them by Mason instead of severing those causes of action (see CPLR 603). To survive dismissal, a "third-party claim must be sufficiently related to the main action to at least raise the question of whether the third-party defendant may be liable to defendant-third-party plaintiff, for whatever reason, for the damages for which the latter may be liable to plaintiff" (Qosina Corp. v C & N Packaging, Inc., 96 AD3d 1032, 1034 [internal quotation marks omitted]). It is undisputed that Mason is not a named defendant in the main action and, thus, no liability has been asserted against him therein. In opposition, the Queens Realty defendants failed to raise a triable issue of fact.
The Supreme Court properly denied that branch of the M/E defendants' motion which was for summary judgment dismissing the fifth cause of action of the third amended third-party complaint, alleging professional malpractice, insofar as asserted against them by Queens Realty, as they failed to establish their prima facie entitlement to judgment as a matter of law in that regard. Where, as here, a claim of professional malpractice alleges only economic injury, the underlying relationship between the parties must be one of contract "or a relationship so close as to approach that of privity" (Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d at 424; see Rides Unlimited of N.Y., Inc. v Engineered Energy Solutions, LLC, 184 AD3d at 696). This functional equivalent of privity may exist where there is "(1) awareness that the reports [at issue] were to be used for a particular purpose or purposes; (2) reliance by a known party or parties in furtherance of that purpose; and (3) some conduct by the defendants linking them to the party or parties and evincing defendant's understanding of their reliance" (Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d at 425). Here, although the record demonstrates that there was no contractual relationship between Queens Realty and the M/E defendants, Queens Realty expressly alleged in its third amended third-party complaint that there was a relationship between it and the M/E defendants that was "so close as to approach that of privity." The M/E defendants failed to address that issue (see Capstone Enters. of Port Chester, Inc. v Board of Educ. Irvington Union Free Sch. Dist., 106 AD3d 856, 859). The M/E defendants also failed to eliminate all triable issues of fact as to whether M/E Engineering's performance of services in connection with the construction project, or that of Straub, if any, was in accordance with the relevant standard of care. Contrary to the M/E defendants' contention, Queens Realty's claim of professional malpractice against them is not precluded by the economic loss rule (see Manhattanville Coll. v James John Romeo Consulting Engr., P.C., 28 AD3d 613, 616, citing 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am., 259 AD2d 75, 83). Moreover, the M/E defendants failed to eliminate all triable issues of fact as to whether Queens Realty may seek damages in this action.
The parties' remaining contentions either are improperly raised for the first time on appeal (see English v Wainco Goshen 1031, LLC, 218 AD3d 444, 445; Ocean View Realty Co. v Ziss, 90 AD3d 872, 873), are without merit, or need not be reached in light of our determination.
DUFFY, J.P., MALTESE, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court